UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL MOREAN, *et al.*, | ) | Case No. 4:24-cv-918 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| QUAD TRANS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# OPINION AND ORDER

On November 6, 2024 Plaintiffs Daniel Morean and Standard Fire Insurance Company moved for default judgment against Defendant Pavneet Singh for failure to answer the complaint or otherwise appear and defend against this lawsuit. (ECF No. 14.) Plaintiffs seek $203,337.47 in damages. (*Id.*) Also on November 6, 2024, Plaintiffs moved for an extension of time to serve Defendant Quad Trans, Inc. (ECF No. 15.) The Court granted the motion, providing that Plaintiffs file proof of service as to Defendant Quad Trans, Inc. no later than December 9, 2024. (ECF No. 18.) For the following reasons, the Court **GRANTS** Plaintiffs' amended motion for default judgment (ECF No. 14) and **AWARDS** Plaintiffs $203,337.47 in damages. Additionally, the Court **DISMISSES** Defendant Quad Trans, Inc. **WITHOUT PREJUDICE** due to Plaintiffs' failure to complete service.

## BACKGROUND

On May 24, 2024, Plaintiffs Daniel Morean and Standard Fire Insurance Company sued Defendants Quad Trans, Inc. and Pavneet Singh after an alleged

traffic accident. (ECF No. 1, PageID #3.) Because Mr. Singh failed to answer, defend, or otherwise plead in response to Plaintiff's' complaint and the Clerk entered default against him, the Court takes the following allegations as admitted. Fed. R. Civ. P. 8(b)(6). Plaintiffs allege that Mr. Singh, driving a vehicle owned by Quad Trans drove his vehicle off the left side of the roadway and, when he veered back onto the highway, he stuck Mr. Morean's vehicle, causing significant damage. (*Id*.) Accordingly, Plaintiffs claim Mr. Singh failed to control his vehicle and/or negligently operated his vehicle. (*Id*.) Plaintiffs bring claims for negligence, negligence per se, and *respondeat superior* liability against Defendants. (ECF No. 1.)

On September 4, 2024, Plaintiffs served Defendant Pavneet Singh. (ECF No. 11.) Mr. Singh has not answered or otherwise responded to Plaintiffs' complaint. After the Court noted Mr. Singh's default on October 23, 2024 (ECF No. 12, PageID #30), Plaintiffs filed their amended motion for default judgment as to Mr. Singh on November 6, 2024. (ECF No. 14.) Then, on November 25, 2024, the Clerk entered Mr. Singh's default.

On October 23, 2024 the Court ordered Plaintiffs to show cause why their claims against Quad Trans should not be dismissed without prejudice due to failure to complete service. In response, Plaintiffs requested additional time to perfect service on Quad Tans (ECF No. 15), and the Court granted Plaintiff's motion for an extension of time, directing Plaintiffs to file proof of service no later than December 9, 2024. (ECF No. 18.) To date, Plaintiffs have provided affidavits of due diligence (ECF No. 22; ECF No. 23), but Plaintiffs have failed to effect service on Quad Trans.

2

## ANALYSIS

### I. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In other words, a default on well pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved." *Antoine*, 66 F.3d at 110.

Under Rule 55(b)(1), the Clerk may issue a default judgment "for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). Claims for damages are not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled. *National Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *2 (N.D. Ohio May 10, 2021) (concluding that an affidavit calculating a sum certain based on installment contracts not referenced in the complaint was insufficient). Further, Rule

55(b)(1) applies only where a plaintiff seeks judgment against a party that never appeared. *Citizens Banks v. Parnes*, 376 F. App'x 496, 505 (6th Cir 2010).

On November 25, 2024 the Clerk entered Mr. Singh's default. Plaintiffs seek default judgment under Rule 55(b)(1) for a sum certain, specifically the $203,337.47 in vehicle damages and towing charges. (ECF No. 14, PageID #51.) Plaintiffs do not make a request for attorney's fees or punitive damages. (ECF No. 14.) Plaintiffs attached an affidavit of damages from an adjuster from Plaintiff Standard Fire Insurance Company who handled the claim at issue. (ECF No. 14-1, PageID #53–54.) Also attached to the motion is the estimated cost of repairs and the towing charge. (*See* ECF No. 14-2.) Based on the affidavit and records, and because at this stage of the proceedings the allegations in Plaintiffs' complaint are treated as admitted under Rule 8, Plaintiffs have demonstrated that there is no doubt that they are entitled to the sum certain of $203,337.47 for which they seek a default judgment.

## II. Service

Pursuant to Rule 4(*l*), "unless service is waived, proof of service must be made to the court . . . by the server's affidavit." Under Rule 4(m), if service is not made within 90 days after filing the complaint, the Court must dismiss the action without prejudice or order that service be made within a specified time.

Plaintiffs filed their complaint on May 24, 2024, more than 90 days ago, and has not provided proof of service. On October 23, 2024 the Court ordered Plaintiffs to show cause why their claims against Defendant Quad Trans, Inc. should not be dismissed without prejudice. After Plaintiffs requested additional time to service Quad Trans, the Court gave Plaintiffs until December 9, 2024 to obtain service. But

the docket does not reflect that Plaintiff has perfected service on Quad Trans. Because Plaintiffs have not completed service within the deadline of Rule 4(m), as extended by the Court, the court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' amended motion for default judgment against Defendant Pavneet Singh. (ECF No. 14.) Accordingly, the Court **AWARDS** Plaintiffs $203,337.47 in total damages. Additionally, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims against Defendant Quad Trans, Inc. pursuant to Rule 4(m).

**SO ORDERED.**

Dated: December 11, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5